IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-1165 |
| ) | |
| LIGONIER VALLEY POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

AND NOW, this 13th day of December, 2022, upon consideration of the Motion to Dismiss for Lack of Jurisdiction, (Docket No. 17), and Brief in Support, (Docket No. 18), filed by Defendant Ligonier Lanes, Inc., wherein Defendant asks that this Court decline to exercise supplemental jurisdiction over the state law claims against it for negligence and liability under the Dram Shop Act pursuant to 28 U.S.C. § 1367(c)(2) because the state law claims allegedly "substantially predominate" the federal claims in this action, Plaintiff Donald Hall's Brief in Opposition, (Docket No. 22), wherein he contests this Court declining to exercise supplemental jurisdiction over the state law claims against Ligonier Lanes at this time, Ligonier Lanes' Reply, (Docket No. 28), Plaintiff's Sur-Reply, (Docket No. 32), and after evaluating the relevant Third Circuit precedent governing the discretion of the Court to decline to exercise supplemental jurisdiction under § 1367(c)(2) which the Court of Appeals has described as a "limited exception" that "should be invoked only where there is an important countervailing interest to be served by relegating state claims to the state court," after consideration of, among other things, whether the quantity of evidence supporting the state law claims would or would not be relevant to the federal claims, *Borough of West Mifflin v. Lancaster*,

1

45 F.3d 780, 789 (3d Cir. 1995), and this Court further finding that such a fact intensive inquiry is better made upon a fully developed record given that the Defendants against whom the federal claims have been brought, i.e., Officers Daniel Dorazio and Matthew Sherer and the Ligonier Valley Police Department, have defended this case by filing Answers and raising certain affirmative defenses,

IT IS HEREBY ORDERED that Defendant Ligonier Lanes, Inc.'s Motion to Dismiss [17] is DENIED, without prejudice, to Defendant raising such issues in a well-supported motion for summary judgment after the conclusion of discovery; and,

IT IS FURTHER ORDERED that Defendant Ligonier Lanes, Inc. shall file its Answer by **January 4, 2023**.

     *s/Nora Barry Fischer*
     Nora Barry Fischer
     Senior United States District Judge

cc/ecf: All counsel of record